## Cumberland State Bank v. White, et al.

(Decided November 29, 1927.)

### Appeal from Harlan Circuit Court.

1.  Appeal and Error.—In action by contractor for loss of profits by breach of contract to erect bank building, defended on ground that bank could not enter into contract without consent of state banking commissioner, Court of Appeals must presume that contract supported judgment of court sustaining demurrer to defense, where contract was not made part of record.

2.  Banks and Banking.—In action by contractor for loss of profits by breach of contract to erect bank building, answer by bank, alleging that erection of banking house was unnecessary for transaction of legitimate business of bank, making contract void, under Ky. Stats., section 582, stated no defense, and demurrer to answer was properly sustained.

3.  Banks and Banking.—In action by contractor for loss of profits by breach of contract to erect bank building, erection of banking house was not an "investment in drafts, bills of exchange, or other securities," in violation of Ky. Stats., section 579, forbidding bank making such investment in certain amounts without authority of banking commissioner; section 581 not being applicable.

4.  Banks and Banking.—Under Ky. Stats., section 582, providing that capital of bank can be invested in realty only to amount that is necessary for legitimate business of bank, board of directors, within limit of charter, may determine what is necessary for conduct of legitimate business of corporation.

5.  Banks and Banking.—Supervisory power of state banking commissioner over state banks does not prevent bank from making contract, otherwise legitimate, without first obtaining consent of banking commissioner.

6.  Banks and Banking.—Power by state banking commissioner to protect depositors and others from contract by bank, which renders it menace to depositors and others, does not permit bank to escape liability for breach of contract not prevented by law, which it has made because of probable consequences thereof.

7.  Banks and Banking.—Bank, contracting for erection of banking house, is liable to contractor in damages for breach of contract,

though contract was unwise, and would probably have resulted in state banking commissioner taking steps to protect depositors and others from its consequences.

8.    Appeal and Error.—On appeal from judgment against bank awarding contractor damages for breach of contract to erect banking house, Court of Appeals is not required to determine correctness of amount awarded, or whether verdict of jury was in accordance with law, where there is no bill of exceptions or evidence before Court of Appeals.

LEE & SNYDER for appellant.

C. B. SPICER and E. H. JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellees in this case composed a partnership. They entered into a contract with appellant whereby they agreed to erect a banking house for appellant in the town of Cumberland at a cost of $9,627.86. They executed a bond for the faithful performance of the contract, and the premium on the bond was $144.42. Appellant decided not to erect the bank building, probably persuaded in reaching the decision by the state banking department, and appellees instituted suit to recover damages from appellant by reason of the breach of the contract. it is alleged in the petition that appellees could have erected the building in accordance with the terms of the contract at a cost of $7,767.83, and that their profit would have been $1,860.25. They sought to recover the profit which they could have made, together with the expenses which they had incurred.

The answer of appellant is in three paragraphs. A demurrer was sustained to the second paragraph, and this appeal involves the sole question as to whether the lower court correctly sustained the demurrer to that paragraph of the answer. As we understand that paragraph of the answer appellant attempted to rely on the defense that it could not enter into such a contract without the consent of the state banking commissioner. In the absence of the contract we must assume that such was the nature of the defense. It is set out in this paragraph that the paid-in capital stock of appellant at the time of the making of the contract was $15,000, and that the contract involved an expenditure of $9,627.86 for the erection of the building. It is stated in the brief for ap-

pellant that the cost of the lot was $3,000, and that the fixtures for the new building would bring the total expenditure up to the point where appellant would have had less than $2,000 available capital with which to conduct its business. It is alleged that the state banking commissioner gave his consent to the making of the contract upon the condition that additional capital should be obtained to the amount of $10,000, and that this additional capital was not obtained, and for that reason the contract became null and void. It is true that, if the contract shows that it was made subject to the approval of the state banking commissioner, and he failed to approve it, it never became binding; but in the absence of the contract, which appellant did not make a part of the record, we must presume that it supports the judgment of the court.

Appellant amended the second paragraph of its answer after the court had sustained a demurrer to it and the amendment discloses that appellant owned a lot on which it contemplated the erection of the banking house, and alleged that such real estate with the banking house thereon, if it should be erected, was unnecessary for the transaction of the legitimate business of the bank and for that reason the contract was void. A demurrer to this paragraph as amended was sustained. Section 579, Ky. Stats., forbids a state bank from investing in drafts, bills of exchange, or other securities at any one time its capital stock in the aggregate of more than one-half thereof paid up and unimpaired, plus the surplus, except by the authority of the state banking commissioner. The erection of the banking house was not an investment in drafts, bills of exchange, or other securities. Section 581, Ky. Stats., relied on by appellant, prohibits one person from owning more than one-half of the capital stock of a bank, but that section has no application here. Section 582, Ky. Stats., provides that the capital of a bank can be invested in real estate only to the amount that is necessary for the legitimate business of the bank, or where it is necessary to take over real estate which is security for a pre-existing debt. We are cited to no authority which would abrogate the well-established rule that the board of directors within the limit of the charter of the corporation may determine what is necessary for the conduct of the legitimate business of the corporation.

It will not be disputed by any one that the state banking commissioner has supervisory power over the state banks, but that does not mean that the bank cannot make a contract, otherwise legitimate, without first obtaining the consent of the state banking commissioner. The officer may advise against the making of unwise or improvident contracts, but we do not find in the law any authority which gives him supervision over state banks to such an extent that they cannot make a contract in the course of their business without his consent. He may advise them of the consequences of the making of a contract which will render the bank unsafe, and if a bank makes such a contract, and thereby renders itself a menace to its depositors and those doing business with it, he may take such steps as are provided by law for the protection of the depositors and others. The fact that he has such power does not mean that a bank may escape liability for a breach of a contract which it has made because of the probable consequences thereof. No one can read this record without coming to the conclusion that the contract which was made by the appellant with appellees was unwise, and probably would have resulted in the state banking commissioner taking steps to protect those whom it is his duty to protect; but, because the bank made an unwise contract, it cannot be excused for its breach of the contract, where the contract was not forbidden by law. It is doubtless a good thing for the bank that it withdrew from the contract, as it chose the lesser of two evils. But if, in protecting itself from two evils, it damaged appellees, it can be made to respond in damages.

The judgment rendered against it in the lower court was for $1,000. We are not called upon to determine the correctness of the amount, or whether the verdict of the jury was in accordance with the law. There is no bill of exceptions, and the evidence is not before us. The only question we are called upon to determine by appellant is whether the second paragraph of its answer, to which a demurrer was sustained, set up facts which constituted a defense to the cause of action. We agree with the lower court that it did not.

Judgment affirmed.